UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHAD EVANS and DAVID HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>INSULATION MAINTENANCE AND CONTRACTING; PAYROLL SOLUTIONS I, INC.; and TRACY BULLOCK,<br><br>　　　　　Defendants. | 2:10-CV-01425-LRH-PAL<br><br>ORDER |

Before the court is Defendant Payroll Solutions I, Inc.'s ("PSI") motion to dismiss (#19[1]). Plaintiffs filed an opposition (#20) and evidentiary objections (#22), and PSI filed a reply (#24).

This is an action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219, for the alleged failure to pay overtime wages. According to the complaint, the plaintiffs were employed by defendant Insulation Maintenance and Contracting ("IMAC") to perform mechanical insulation and related work. Defendant PSI is alleged to have been the plaintiffs' joint employer, providing compensation, benefits, human resources management and other organization functions to IMAC employees.

---

[1] Refers to court's docket entry number.

PSI filed the instant motion to dismiss on October 18, 2010.  Doc. #19.  PSI asserts it is merely a human resources outsourcing organization that provides employee management services to IMAC, and is neither plaintiffs' employer nor involved in a joint enterprise with IMAC and Bullock for purposes of the FLSA.  In support, PSI submits the Agreement for Services ("Agreement") between PSI and IMAC, and multiple declarations addressing the relationship PSI, IMAC and IMAC's employees.

Although styled as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), PSI fails to address the sufficiency of the allegations in the complaint regarding PSI's status as plaintiffs' joint employer.  Furthermore, because PSI's motion relies exclusively on evidence outside the pleadings in denying the allegation that it qualifies as plaintiffs' employer under the FLSA, the court shall treat the motion as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).

So treated, however, the plaintiffs "must be given a reasonable opportunity to present all the material to the motion." *Id.*  Furthermore, the plaintiffs have shown by declaration that, due to the lack of any discovery at this early stage of the proceedings, they "cannot present facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d).  PSI's motion will therefore be denied without prejudice to allow the parties to conduct discovery in the ordinary course.

IT IS THEREFORE ORDERED that Defendant Payroll Solutions I, Inc.'s Motion to Dismiss (#19) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE