**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHAD EVANS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>INSULATION MAINTENANCE AND CONTRACTING, et al.,<br><br>　　　　　　　　Defendant. | Case No. 2:10-cv-01425-LRH-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

　　　　This matter is before the court on Defendant Payroll Systems, Inc.'s failure to comply with the court's Order (Dkt. #51) and Order to Show Cause (Dkt. #52).

　　　　On July 14, 2011, the court granted attorney Martha J. Ashcraft's Motion to Withdraw as Attorney (Dkt. #47) and gave Defendant Payroll Systems, Inc. until August 15, 2011, in which to retain counsel. *See* Dkt. #51. The Order directed the Clerk of the Court to serve Defendant Payroll Systems, Inc. with a copy of the order at its last known address provided by its former counsel, and advised Defendant Payroll Systems, Inc. that its failure to timely comply with the order "may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions." Defendant Payroll Systems, Inc. failed to either retain counsel and did not request an extension of time in which to comply with the court's Order.

　　　　On August 24, 2011, the court entered an Order to Show Cause (Dkt. #52) based on Defendant Payroll Systems, Inc.'s failure to comply with the court's previous Order (Dkt. #51). The court directed Defendant Payroll Systems, Inc. to show cause in writing no later than September 9, 2011, why it had not complied with the court's Order (Dkt. #52). Defendant Payroll Systems, Inc. has failed to file a response to the Order to Show Cause (Dkt. #52), and it has not requested an extension of time in which

to do so.  The docket reflects that the Order to Show Cause (Dkt. #52) was returned as undeliverable to the court because Defendant Payroll Systems, Inc. has moved and did not provide a forwarding address to either the U.S. Postal Service or this court.  However, Defendant was aware of its obligation to retain counsel based on the court's first Order (Dkt. #51), and additionally, it is Defendant's responsibility to keep the court apprised of its current address.

Defendant Payroll Systems, Inc.'s failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than entering default against Defendant Payroll Systems, Inc. are unavailable because Defendant Payroll Systems, Inc. has refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that default judgment be ENTERED against Defendant Payroll Systems, Inc. unless it retains counsel who files a notice of appearance on or before **October 3, 2011.**

Dated this 19th day of September, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

1 | specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153
2 | (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject
3 | to the page limitations found in LR 7-4.