UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHAD EVANS and DAVID HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSULATION MAINTENANCE AND CONTRACTING; PAYROLL SOLUTIONS I, INC.; and TRACY BULLOCK,<br><br>Defendants. | 2:10-CV-01425-LRH-PAL<br><br>ORDER |

Before the court is Plaintiffs' consolidated motion for entry of clerk's default (#64[1]) and for default judgment (#61) against Defendants Tracy Bullock and Insulation Maintenance and Contracting.

This is an action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219, for the alleged failure to pay overtime wages. The Complaint (#1) was filed on August 23, 2010. On September 30, 2010, Bullock and Insulation Maintenance filed an Answer (#16). Shortly after this court denied Defendant Payroll Solutions I, Inc.'s motion to dismiss, on May 3, 2011, counsel for Bullock and Insulation Maintenance moved to withdraw (#43). On May 5, 2011,

---

[1]Refers to court's docket entry number.

the magistrate judge entered an order (#44) granting the motion to withdraw and setting a deadline of May 23, 2011, in which Bullock (an individual) shall either retain new counsel who shall file a notice of appearance or file a statement the he will be proceeding *pro se*, and in which Insulation Maintenance (a corporation) shall retain new counsel who shall file a notice of appearance. The order further warned that "[f]ailure to comply . . . may result in sanctions." Neither defendant complied with the court's order; however, the court has yet to take further action.

On November 23, 2011, Plaintiffs filed the instant application for entry of default and default judgment. Plaintiffs argue simply that Bullock and Insulation Maintenance "to date, have not filed to retain new counsel and have otherwise ceased to defend Plaintiffs' action against them."

Federal Rule of Civil Procedure 55(a) authorizes the clerk to enter a party's default only when that party "has failed to plead or otherwise defend." Thus, no default may be entered if the party has filed a response indicating its intent to defend the action. *See* Fed. R. Civ. P. 55(a), 2007 advisory committee's note; Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 6:28 (The Rutter Group 2009). Here, entry of default is inappropriate under Rule 55(a), as Bullock and Insulation Maintenance indicated their intent to defend this action by filing an answer to Plaintiffs' complaint.

Bullock and Insulation Maintenance may well be subject to sanctions for failure to comply with this court's orders and rules, potentially including entry of default and default judgment. Indeed, this court entered default judgment against Defendant Payroll Solutions I, Inc. after it failed to respond to the magistrate judge's order to retain counsel and a subsequent order to show cause that specifically warned that failure to respond would result in a recommendation to the district judge to strike its answer and enter default. The court also notes that default judgment is a potential sanction for a party's failure to comply with discovery obligations. *See* Fed. R. Civ. P. 37(b).

2

At this time, however, Bullock and Insulation Maintenance been not been given any warning like that issued to Payroll Solutions.  Notice that default may be entered for failure to respond to the court's order to retain counsel is appropriate before such a severe sanction is imposed.  Also, Plaintiffs have filed no motion for sanctions under Rule 37, and their present motion contains no specific facts (e.g., last activity, attempted communications, etc.) to support the conclusory allegation that the defendants have "otherwise ceased to defend Plaintiff's action against them."

Such concerns apply with special force as to Bullock.  Whereas Insulation Maintenance must retain substitute counsel because a corporation cannot appear except through counsel, the same cannot be said of Bullock, who has the right to proceed *pro se* as an individual.  Thus, while Bullock's failure either to retain substitute counsel or to file a statement that he will be proceeding *pro se* constitutes a technical violation of the magistrate judge's order of May 5, 2011 (#44), mere silence does not necessarily constitute failure to appear or a forfeiture of Bullock's right to appear and defend himself.  The court shall therefore deem Bullock as proceeding *pro se*.

IT IS THEREFORE ORDERED that Plaintiffs' Application for Entry of Default and Default Judgment (#64 and #61) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Insulation Maintenance and Contracting shall show cause, in writing, no later than January 31, 2012, why sanctions should not be imposed for failure to comply with this court's Order (#44).  Failure to timely comply with this order may result in this Defendant's answer being stricken and entry of default.

IT IS SO ORDERED.

DATED this 10th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE