UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHAD EVANS and DAVID HERNANDEZ, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

INSULATION MAINTENANCE AND CONTRACTING; PAYROLL SOLUTIONS I, INC.; and TRACY BULLOCK,

Defendants.

2:10-CV-01425-LRH-PAL

ORDER

This is an action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, for the alleged failure to pay overtime wages. Before the court is plaintiffs Chad Evans and David Hernandez's ("Plaintiffs'") Motion for Entry of Default and Default Judgment and for Sanctions against All Defendants (#70[1]) ("Motion for Default"). Plaintiffs have also filed a supplemental brief in support of the Motion for Default (#71).

The only remaining defendant in this action is Tracy Bullock. On October 19, 2011, the court clerk entered default judgment against defendant Payroll Solutions I, Inc. (#60). On February 6, 2012, the court clerk entered default judgment against defendant Insulation Maintenance and Contracting ("IMAC") (#67). The latter default judgment was entered as a sanction for failure to

---

[1] Refers to court's docket entry number.

comply with the court's Order of January 10, 2012 (#65). In that Order, the court required IMAC to show cause as to why sanctions should not be imposed for failure to comply with an even earlier Order. (Order of January 11, 2012 #65, p. 3:17-20.) The court warned, "Failure to comply with this order [of January 10, 2012] may result in *this* Defendant's [that is, IMAC's] answer being stricken and entry of default." (*Id*. (emphasis added).) IMAC and Bullock had jointly filed an Answer (#16), and when IMAC did not show cause, the court struck the Answer as to IMAC (but not as to Bullock). The court also deemed Bullock as proceeding *pro se* in this action. (*Id*. at 3:14.)

Plaintiffs now move for entry of default and default judgment against Bullock. They request this relief under Federal Rules of Civil Procedure 55 and 37. Under Rule 55(a), the entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, however, Bullock has answered the Complaint. While this Answer was stricken as to IMAC, it was not stricken as to Bullock. Through the Answer, Bullock has indicated his intent to defend the action, and a default may not be entered where a defendant has so indicated. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (requiring a showing of a "clear purpose to defend the suit"); *see also Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (finding that a timely answer demonstrates an intent to defend). Entry of default pursuant to Rule 55 is therefore inappropriate.

Under Rule 37, "[e]ven though a defendant has appeared in the action, the court has power to strike defendant's answer and render a default judgment as the ultimate sanction for refusal to obey discovery orders." William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 6:12 (2011) (citing *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997)); Fed. R. Civ. P. 37(b)(2)(A)(iii). But "ultimate" means "ultimate": default is a drastic remedy that may only be used in "extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quotation marks and citation omitted). Furthermore, the court's leniency with respect to *pro se* litigants extends to its consideration of appropriate discovery

sanctions. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000).

Here, Plaintiffs note that Bullock failed to respond to the court's Order of May 4, 2011, in which the court directed Bullock to retain new counsel or to file a statement that he will be proceeding *pro se*. (Order of May 5, 2011 #44, p. 2:9-11.) However, the court waived Bullock's required filing when it deemed Bullock as proceeding *pro se* in its Order of January 10, 2012. Plaintiffs further contend that Bullock failed to meet and confer with respect to a proposed Discovery Plan and Scheduling Order. Yet this court has already concluded that Bullock's "silence does not necessarily constitute . . . a forfeiture of Bullock's right to appear and defend himself." (Order of January 10, 2012 #65 at p. 3:13-14.) Finally, the extremity of the default remedy and Bullock's *pro se* status demand that Bullock be afforded the same warning given the other defendants in this action.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of Default and Default Judgment and for Sanctions against All Defendants (#70) is DENIED without prejudice.

IT IS FURTHER ORDERED that defendant Bullock shall show cause, in writing, no later than 21 days from the issuance of this order, why sanctions should not be imposed for failure to comply with the meet-and-confer requirement of this court's Order of May 4, 2011 (#44) and with this court's Order of May 17, 2012 (#69). Failure to timely comply with this order may result in Bullock's Answer being stricken and entry of default.

IT IS SO ORDERED.

DATED this 28th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE