UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHAD EVANS and DAVID HERNANDEZ, on behalf of themselves and others similarly situated, | ) ) ) ) |
| | 2:10-CV-01425-LRH-PAL |
| Plaintiffs, | ) ) |
| v. | ) ORDER ) |
| INSULATION MAINTENANCE AND CONTRACTING; PAYROLL SOLUTIONS I, INC.; and TRACY BULLOCK, | ) ) ) ) |
| Defendants. | ) ) ) |

This is an action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, for the alleged failure to pay overtime wages. Before the court is plaintiffs Chad Evans and David Hernandez's ("Plaintiffs'") Renewed Motion for Entry of Default and Default Judgment and for Sanctions against All Defendants (#74[1]) ("Motion for Default").

The court has already entered default judgment against defendants Payroll Solutions I, Inc. (#60) and Insulation Maintenance and Contracting (#67). In a November 28, 2012 Order, the court gave the remaining defendant, Tracy Bullock, one last chance to avoid default judgment by showing cause within twenty-one days as to why default judgment should not be imposed (#72).

---

[1]Refers to court's docket entry number.

1    Bullock has failed to respond, and Plaintiffs have renewed their earlier motion for default judgment
2    against him (#74).

3    **I.    Default Judgment under Rule 37**

4          Under Federal Rule of Civil Procedure 37, "[e]ven though a defendant has appeared in the
5    action, the court has power to strike defendant's answer and render a default judgment as the
6    ultimate sanction for refusal to obey discovery orders." William W. Schwarzer et al., *California*
7    *Practice Guide: Federal Civil Procedure Before Trial* § 6:12 (2011) (citing *Stars' Desert Inn Hotel*
8    *& Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997)); Fed. R. Civ. P.
9    37(b)(2)(A)(vi). Default judgment is a drastic remedy that may only be used in "extreme
10   circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In*
11   *re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quotation marks and citation omitted).
12   Willfulness or bad faith may be established by "disobedient conduct not shown to be outside the
13   control of the litigant." *Henry v. Gill Industries*, Inc., 983 F.2d 943, 948 (9th Cir. 1993).

14         In the November 28 Order, the court recognized that Bullock had failed to meet and confer
15   with respect to a proposed Discovery Plan and Scheduling Order. (#72, p. 3:6-8.) In light of its
16   solicitude towards pro se litigants, the court reiterated its conclusion that "Bullock's silence does
17   not *necessarily* constitute . . . a forfeiture of Bullock's right to appear and defend himself." (*Id*.
18   (emphasis added).) The court then explicitly warned Bullock to show cause in writing as to why
19   default judgment is inappropriate, noting that "[f]ailure to timely comply with this order may result
20   in Bullock's Answer being stricken and entry of default." (*Id*. at p. 3:17-18.)

21         Bullock's failure to respond to the court's order establishes willfulness because Bullock has
22   not shown his disobedience "to be outside [his] control." *See Henry*, 983 F.2d at 948-49. Therefore,
23   default judgment may be an appropriate sanction following the consideration of five factors: "(1)
24   the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
25   dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring

26

                                                  2

disposition of cases on their merits; and (5) the availability of less drastic sanctions."[2] *Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation and quotation marks omitted). The first two factors generally weigh in favor of default judgment, while the fourth factor weighs against it. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Therefore, courts focus on prejudice and the availability of lesser sanctions. *Id.*

Here, Plaintiffs have established prejudice, and lesser sanctions have proven ineffective. First, Bullock's failure to obey the court's discovery orders appears to have been the first step in a campaign of non-responsiveness. Plaintiffs have attempted to contact Bullock both by telephone and by mail, but they have not been successful. (Plaintiffs' Motion for Default #74, Ex. 1, ¶ 4.) And Plaintiffs' filings with the court have not elicited any response. (*Id.* at ¶ 5.) Bullock's non-responsiveness prejudices Plaintiffs by rendering them unable to advance the litigation towards resolution on the merits. *See Robinson v. City of Hamilton*, 28 F.3d 108 (9th Cir. 1994) (affirming dismissal of pro se complaint for failure to respond to discovery orders). Therefore, this factor favors default judgment.

Second, lesser sanctions have proven ineffective. The court waived Bullock's failure to comply with an earlier court order while warning that "default judgment is a potential sanction for a party's failure to comply with discovery obligations." (Order #65 at p. 2:23-24.) This warning proved ineffective, and when the court again confronted Bullock's failure to comply with a separate court order, the court required Bullock to show cause in writing. (Order #72 at p. 3:14-18.) Bullock has failed to comply with this requirement as well. Therefore, since these lesser sanctions have proven ineffective, and since Bullock has been adequately "warned . . . about the possibility of case-dispositive sanctions," the fifth factor favors default judgment. *Connecticut General,* 482 F.3d at 1096. Therefore, default judgment is appropriate.

---

[2] Importantly, these are not the same factors a court considers in determining whether to award default judgment under Rule 55. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (setting forth the Rule 55 factors).

## II.     Damages Determination

Where damages in a default judgment action are sought in the form of an unliquidated amount, an evidentiary hearing is normally required. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Claims under the FLSA follow a burden-shifting framework. Initially, "[a]n employee who brings suit [under the Fair Labor Standards Act ('FLSA')] has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 686–87 (1946). After proving that "[the employee] has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a matter of just and reasonable inference*," the burden shifts to the employer to show the precise number of hours worked or to present evidence to negate the reasonable inference drawn from the employee's evidence. *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (emphasis in original, citation omitted). If the employer fails to carry its burden, the court may award damages to the employee "even though the result be only approximate." *Id.* (citation omitted).

Here, Plaintiffs seek over $3 million in compensatory damages and nearly $70,000 in attorney's fees. This amount far exceeds other default judgment awards in other Ninth Circuit FLSA actions. *See, e.g.*, *Solis v. United Buffet, Inc.*, 2012 WL 669867 at *4 (N.D. Cal. Feb. 29, 2012) (awarding about $200,000 after a professional accounting of the overtime wages owed). And while Plaintiffs have supported their compensatory damages amount with affidavits, these affidavits are far from "detailed." *Dundee Cement*, 722 F.2d at 1323. In these affidavits, the former employees estimate how much work they performed during the statutory period. (*See* Plaintiffs' Motion for Default Judgment #74, Ex. 2.) The estimations are entirely uniform: each former

4

1  employee estimates that he worked ten unpaid overtime hours per week for the entirety of his

2  employment during the statutory period. As a result, for example, one employee claims damages in

3  the amount of $115,200 over a three year period. (*Id.*)

4      Given the large amount of damages sought, the lack of documentary evidence supporting

5  Plaintiffs' affidavits, and the uniformity of the employees' declarations, a hearing on damages is

6  appropriate. This hearing will better enable the court to assess the "reasonable inferences" to make

7  from the former employees' testimony.

8      IT IS THEREFORE ORDERED that Plaintiffs' Motion for Default Judgment (#74) is

9  GRANTED. The Clerk of Court shall enter judgment in favor of Plaintiffs and against defendant

10  Bullock.

11      IT IS FURTHER ORDERED that this case is referred to United States Magistrate Judge

12  Robert McQuaid to conduct a damages hearing in accordance with Fed. R. Civ. P. 55(b).

13      IT IS SO ORDERED.

14      DATED this 28th day of March, 2013.

16  _____    ____

17  LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5