UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHAD EVANS and DAVID HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSULATION MAINTENANCE AND CONTRACTING; PAYROLL SOLUTIONS I, INC.; and TRACY BULLOCK,<br><br>Defendants. | 2:10-CV-01425-LRH-PAL<br><br>ORDER |

This is an action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, for the alleged failure to pay overtime wages. Before the Court is Plaintiffs Chad Evans and David Hernandez's ("Plaintiffs") Second Renewed Motion for Entry of Default and Default Judgment and for Sanctions against All Defendants. Doc. #79.[1]

The Court previously entered default judgment against Defendants Payroll Solutions I, Inc. (Doc. #60) and Insulation Maintenance and Contracting (Doc. #67). On March 28, 2013, the Court also granted default judgment against Defendant Tracy Bullock. Doc. #75. However, citing the lack of documentary evidence supporting Plaintiffs' affidavits, the Court referred the case to United States Magistrate Judge Robert McQuaid to conduct a hearing on the issue of damages. Doc. #75, p.5. At the

---

[1] Refers to Court's docket number.

May 23, 2013 hearing, Judge McQuaid found that Plaintiffs still failed to proffer sufficient evidence to make a determination as to damages. Doc. #78. As such, he ordered Plaintiffs' Counsel to submit a renewed motion with declarations detailing (1) the specific projects on which each declarant worked, (2) the number of days each declarant worked on each project, (3) the wages each declarant earned at each project, and (4) the hours of overtime each declarant worked at each project. Doc. #78.

On August 21, 2013, Plaintiffs filed a Second Renewed Motion for Entry of Default and Default Judgment and for Sanctions against All Defendants. Doc. #79. In accordance with the Court's May 23, 2013 Order, Plaintiffs submitted the declarations of twenty (20) former employees of Defendants setting forth specific facts supporting their claims of unpaid wages. Doc. #79, Ex. 2.

As the Court previously entered default judgment against all Defendants in this matter (Doc. #60, Doc. #67, Doc. #75), the Court need only address the issues of damages, litigation expenses, and attorney's fees and costs at this time.

I.  **Damages Determination**

Where damages in a default judgment action are sought in the form of an unliquidated amount, an evidentiary hearing is normally required. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id*.

Claims under the FLSA follow a burden-shifting framework. Initially, "[a]n employee who brings suit [under the Fair Labor Standards Act ('FLSA')] has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 686–87 (1946). After proving that "[the employee] has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a matter of just and reasonable inference*," the burden shifts to the employer to show the precise number of hours worked or to present evidence to negate the reasonable inference drawn from

2

the employee's evidence. *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (emphasis in original, citation omitted). If the employer fails to carry its burden, the court may award damages to the employee "even though the result be only approximate." *Id*. (citation omitted).

Here, the Court finds that Plaintiffs have adequately supported their compensatory damages claims with detailed affidavits showing the amount and extent of uncompensated overtime. Specifically, Plaintiffs provided answers to each of Judge McQuaid's questions that substantiate their damages claims. Moreover, the Court finds Plaintiffs' affidavits are sufficient under the circumstances to establish their burden of proving that they performed work for which they were improperly compensated. As a direct result of Defendants' failure to respond to Plaintiffs' communications and filings, and Defendants' further failure to comply with the Court's orders, Plaintiffs were unable to conduct any further discovery. Thus, as a practical matter, Plaintiffs were simply unable to propound any additional evidence of wage and hour violations. Upon due consideration of the evidence presented, the Court awards $3,409,238.16 in unpaid overtime wages and liquidated damages to Plaintiffs.

**II.   Attorney's Fees and Costs**

As the prevailing parties on their FLSA claims, Plaintiffs are entitled to an award of reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b); 18 U.S.C. § 1964(c); *see also Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989) (expenses incurred to pursue the litigation are reimbursable as part of the award for attorney's fees). Under the FLSA, attorney's fees may be calculated according to the "lodestar" method, whereby the reasonable number of hours expended on *successful claims* is multiplied by the attorney's hourly fee based on the prevailing market rate. *See Ulin v. Lovell's Antique Gallery*, No. 11-17698, 2013 WL 2996547, at *2 (9th Cir. 2013) (lodestar method applies to award of fees under FLSA). The lodestar calculation, however, does not end the inquiry. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Attorney's fees to be compensated in an award must be "reasonable in relation to the success achieved." *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (quoting *Hensley*, 461 U.S. at 436).

Plaintiffs seek reimbursement of litigation expenses in this matter totaling $6,632.74. *See* Doc. #79, p. 4. Additionally, pursuant to Counsel's lodestar calculation, Plaintiffs seek to recover a total of $68,083.75 in attorney's fees. *See id.* In support of their request, Counsel has complied with the applicable provisions of Local Rule 54-16 by providing an itemization and description of the costs incurred and the work performed, as well as a summary of the time and labor required to pursue this action; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the preclusion of other employment; the customary fee in the Las Vegas area; the time limitations imposed by Plaintiffs and the circumstances; the amount involved and the results obtained; Counsel's experience, reputation, and ability; the undesirability of the case; the nature and length of the professional relationship; and awards in similar cases. Doc. #79, Ex. 5; Doc. #79, Ex. 4; Doc. #79, pp. 5-12; *see also Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir. 1975) (enumerating the relevant factors in determining what constitutes a "reasonable" fee). In that regard, the Court finds Plaintiffs' request for litigation expenses and attorney's fees and costs to be reasonable.

The Court notes, however, that Counsel's preparation and submissions in connection with Plaintiffs' First Renewed Motion for Entry of Default and Default Judgment and for Sanctions against All Defendants (Doc. #74) and the subsequent damages hearing before Judge McQuaid (Doc. #78) were deficient. Nevertheless, it does not appear that Counsel is requesting an award of litigation expenses or attorney's fees in relation thereto. In fact, Counsel does not request reimbursement for litigation expenses incurred after October 1, 2012. *See* Doc. #79, Ex. 5, p. 2. Nor does Counsel seek attorney's fees for any period after October 12, 2012. *See* Doc. #79, Ex. 4, p. 10. Accordingly, the Court finds no reason to reduce Counsel's award of litigation expenses or attorney's fees to account for these shortcomings.

**III.   Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Default Judgment (Doc. #79) is GRANTED. The Clerk of Court shall enter judgment in favor of Plaintiffs and against all Defendants in the amount of $3,409,238.16.

1   IT IS FURTHER ORDERED that Plaintiffs shall be awarded $6,632.74 in litigation expenses
2 and $68,083.75 in attorney's fees and costs.
3   IT IS SO ORDERED.
4   DATED this 4th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE